REISS & BRADY v. UNITED STATES.

(Circuit Court, S. D. New York. November 15, 1904.)

Nos. 2,373, 2,549.

CUSTOMS DUTIES—CLASSIFICATION—FRUIT IN SPIRITS—CHERRIES IN MARASCHINO—UNENUMERATED ARTICLES.

    *Held,* that certain fruit in spirits, consisting of cherries in maraschino, is not dutiable under paragraph 218, Tariff Act August 27, 1894, c. 349, § 1, Schedule G, 28 Stat. 524, relating to "fruits preserved in sirup," but under section 3 of said act (28 Stat. 547), as unenumerated manufactured articles.

On Application for Review of Decisions of the Board of United States General Appraisers.

The decisions under review affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Reiss & Brady. Note in Re La Manna, G. A. 3,392, T. D. 16,964.

Hatch & Wickes, for appellants.

D. Frank Lloyd, for appellee.

HAZEL, District Judge. The importation covered by the protests involved consists of cherries in maraschino, which were imported during the year 1895. Resort must therefore be had to the tariff act of 1894 (Act Aug. 27, 1894, c. 349, 28 Stat. 509) to ascertain the rate of duty. The collector assessed the merchandise at 30 per cent. ad valorem as "fruits preserved in sirup, not specially provided for," under paragraph 218 (section 1, Schedule G, 28 Stat. 524). The importers claim liability under section 3 (28 Stat. 547) of the tariff act, which fixes a duty·of 10 per cent. ad valorem on unmanufactured articles not enumerated or provided for, or, in the alternative, under the same provision at 20 per cent. ad valorem as "articles manufactured in whole or in part" and not provided for, or at 20 per cent. ad valorem, under paragraph 219 (28 Stat. 524) as "fruits preserved in their own juices." The question presented, solely one of fact, is whether the liquor surrounding the cherries is maraschino cordial or alcoholic spirits. The decision of the board was principally based upon the testimony of Mr. Ball, a chemist and attaché of the appraisers' department, given in other cases pending before them involving practically the same class of merchandise. The opinion of the board states that the cherries mentioned in the invoices herein were of the same character as those covered by their prior decision in the Case of La Manna, Azema & Farnan, and in relation to which Mr. Ball had given expert testimony. In that case an analysis was made by him of the liquor in two of the bottles. No maraschino or spirits whatever were found in one of them, while in the other there was present about nine-tenths of 1 per cent., which, as the witness stated, was produced by fermentative action. The board accordingly found in this case that the importation consisted of cherries preserved in sirup composed of sugar and fruit juices; that, although a taste resembling maraschino was imparted by steeping the cherry stones in water, no alcoholic spirits in appreciable quantities were found to surround the cherries. Subsequent to the decision additional evidence was given, solely, however, in behalf of the importers. Such evidence has been carefully read. If a similar showing had been made at the initial hearing, it is thought that the board would have found as a fact that the cherries were fruits preserved in spirits, and not fruits preserved in sirup. The evidence satisfactorily establishes that the supernatant fluid consists principally of maraschino. The undisputed evidence of Mr. Brady, the importer, tends to show that the liquid surrounding the cherries contained from 10 to 15 degrees of alcohol. He testifies that he saw the imported articles manufactured at their place of exportation, and that they were classified in their price list as "fruits in cordials." His evidence is supported by expert witness Stilwell, who testifies that he made an analysis of a sample of the merchandise, and found 8.57 per cent. alcohol per volume in the liquid, and in the fruits 6.48 per cent. This condition, the witness testifies, could not have been produced by fermentation. The tariff act of August 27, 1894, contains no provision for fruits preserved in spirits. A specific duty, however (paragraph

218), is placed upon fruits preserved in sirup or sugar or in their juices. The merchandise in question has been advanced to make it salable as a completed product, and hence is dutiable at 20 per cent. ad valorem, under section 3, as articles manufactured in whole or in part and not provided for. This view was adopted by the board of general appraisers in the matter of Tuller & Foth, T. D. 15,683, G. A. 2,864, an analogous case. There the classification was likewise under the tariff act of 1894, and the article consisted of cherries preserved in cheap spirits. The board, in its opinion, used the following language:

"Paragraph 303 of the act of 1890 [Act Oct. 1, 1890, c. 1244, § 1, Schedule G, 26 Stat. 587] provided for 'comfits, sweetmeats, and fruits preserved in sugar, syrup, molasses, or spirits.' In the corresponding provision of the present tariff, paragraph 218, the words 'or spirits' are omitted. On account of this omission the merchandise falls under the provisions for nonenumerated manufactured articles."

The omission of the words "or spirits" in paragraph 218 of the act of August 27, 1894 (28 Stat. 524), left the articles unprovided for, except, as already stated, under the general terms of section 3 of the act. The decision of the board of general appraisers may be modified accordingly.